IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL JERMAINE JONES,

                    Plaintiff,

      v.

H.S.U. MANAGER ALANA ACKER,
REGISTERED NURSE FROSCH,                        OPINION and ORDER
JOHN OR JANE DOE NURSE THAT WORKED ON
7/24/2025, DEPARTMENT OF CORRECTIONS,          25-cv-960-jdp
MS. WALKER, WARDEN K. GARCEAU,
DEPUTY WARDEN PIERZINA,
MANAGER JOHNSON, and
COLUMBIA CORRECTIONAL INSTITUTION,

                    Defendants.

---

Plaintiff Michael Jermaine Jones, proceeding without counsel, is a prisoner at the Wisconsin Resource Center. Jones alleges a variety of misconduct against prison medical staff, particularly that they failed to get him medical attention for an incident that he believes was a stroke. He has made an initial partial payment of the filing fee as directed by the court.

The next step is for me to screen Jones's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

I conclude that Jones's current allegations do not adequately state a claim for relief, but I will give him a chance to file an amended complaint to better explain his claims.

ANALYSIS

The main thrust of Jones's complaint is that in June and July 2025, he complained of numbness, tingling, and pain in his right shoulder and both arms and hands, but medical staff did nothing to help him. At some point Jones developed a permanent "twisted" mouth and deterioration of his speech. Dkt. 1, at 4. Jones believes that he had a stroke, but he didn't receive medical attention for more than a week.

Jones contends that staff's inaction violated the Eighth Amendment. The Eighth Amendment prohibits prison officials from consciously disregarding prisoners' serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). A "serious medical need" is a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person. *Johnson v. Snyder*, 444 F.3d 579, 584–85 (7th Cir. 2006). A medical need is serious if it is life-threatening, carries risks of permanent serious impairment if left untreated, results in needless pain and suffering, significantly affects an individual's daily activities, *Gutierrez v. Peters*, 111 F.3d 1364, 1371–73 (7th Cir. 1997), or otherwise subjects the prisoner to a substantial risk of serious harm, *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). A defendant "consciously disregards" an inmate's need when the defendant knows of and disregards "an excessive risk to an inmate's health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Snipes v. Detella*, 95 F.3d 586, 590 (7th Cir. 1996). Conscious disregard involves intentional or reckless conduct, not mere negligence. *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010).

Jones's allegations are enough to show that he had a serious medical need. He isn't a doctor, so I will not credit his assertion that he suffered a stroke. But his allegations are enough

2

to suggest that he did suffer a serious medical problem and that staff failed to help him. However, a major problem with his allegations remains: he doesn't include allegations showing that any of the staffers he names as defendants consciously disregarded his condition. He states that defendant Officer Ash told him to write a health service request instead of getting him immediate emergency care, but he doesn't provide any allegations suggesting that Ash should have known that he was suffering a medical emergency as opposed to a routine medical problem that could be resolved on a non-emergency basis. So he doesn't state a claim against Ash. Similarly he fails to state a claim against defendant Health Services Manager Alana Acker, who referred him to an advanced care provider. Otherwise he doesn't explain how any defendant knew that he was suffering a true emergency, or which defendants failed to help him after it became more clear that Jones had suffered a serious problem regarding his face and speech.

Because Jones's current allegations don't state a claim against any defendant, I will dismiss his complaint. But I will give him a short time to submit an amended complaint fixing the problems that I've noted. In drafting his amended complaint, Jones should be sure to:

- Carefully consider whether he is naming proper defendants and omit defendants who did not participate in a violation of his rights.

- Describe simply and concisely what actions he believes that each defendant took that violated his rights, using separate, numbered paragraphs.

If Jones fails to submit an amended complaint by the deadline set below, I will dismiss the entire case. *See Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

One final point. Jones's complaint contains additional allegations seemingly unrelated to his claims about the specific medical problem that he suffered: he alleges that medical staff is refusing to tell him whether he suffers from various maladies or allow him access to his medical records, that he has been discriminated against because of his race, and that he was

sexually assaulted by a white supremacist group. I take these allegations seriously but as currently pleaded they do not belong in the same lawsuit as this one. If Jones believes that they are related to claims about the specific medical problem discussed above, he should amend his complaint to make that relationship clear. Otherwise such allegations belong in separate lawsuits.

ORDER

IT IS ORDERED that:

1. Plaintiff's complaint, Dkt. 1, is DISMISSED.

2. Plaintiff may have until June 10, 2026, to submit an amended complaint.

Entered May 20, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge